UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES G. SEUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV01651AGF |
| | ) | |
| FFE TRANSPORTATION SERVICES, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff James G. Seubert's motion to compel a videotaped deposition of the corporate representative of Defendant FFE Transportation Services, Inc. (Doc. No. 56) and Defendant's response thereto. (Doc. No. 58.) On September 19, 2012, Plaintiff noticed the deposition of Defendant's corporate representative. The notice included an exhibit specifying the areas of inquiry for the deposition, but did not state that the deposition was to be videotaped. (Doc. No. 56-2.) On the following day, Plaintiff's counsel sent an e-mail to Defendant's counsel stating, "Let's do video depositions of both. Just let me know the dates/times and locations." (Doc. No. 56-3.) Thereafter, the parties exchanged several e-mails attempting to determine a mutually agreeable date and location for the deposition. Those e-mails indicate that Defendant repeatedly asked to reschedule the deposition due to the limited availability of its corporate representatives.

On or about October 1, 2012, the parties agreed to schedule the deposition on November 1, 2012. Defendant was to provide Plaintiff with the time and location for the

November 1 deposition. On October 26, 2012, Plaintiff's counsel sent an email to Defendant's counsel asking him to provide the time and location for the deposition so that a revised notice of deposition could be sent and arrangements made for a court reporter and a videographer. Defendant's counsel responded that day providing the address and time for the deposition. On October 30, 2012, Plaintiff sent a revised notice of deposition stating the date, time, and location Defendant had specified and attaching again the exhibit from the original notice of deposition indicating the areas for examination. (Doc. No. 56-8.) The revised notice made no reference to the videotaping of the deposition. Later in the day on October 30, an assistant to Plaintiff's counsel sent an e-mail to Defendant's counsel stating that the location of the deposition would need to be changed to allow Plaintiff's counsel to participate by video conference. On October 30, Plaintiff also sent a second revised notice of deposition for the new location, stating in addition that the deposition would be videotaped. (Doc. No. 56-10.)

     Defendant's counsel responded by e-mail to the second revised notice, refusing to produce the corporate representative for deposition at the new location, and objecting to videotaping of the deposition at any location because the present notice came only days before the scheduled deposition and the prior notices of deposition had not referred to videotaping. Defendant offered to make the corporate representative available for a deposition to be recorded stenographically and to assist Plaintiff in locating a court reporter. Plaintiff declined the offer and filed this motion seeking to compel the videotaped deposition and to recover its attorney's fees and costs.

Upon review of the parties' filings, and in particular the emails exchanged between the parties regarding the proposed deposition, the Court is satisfied that Defendant had notice of Plaintiff's intention to videotape the deposition from and after the email exchange on September 20, 2012, the day after Plaintiff sent the initial notice of deposition. Rule 30(b)(3)(B)[1] which governs the requirements for giving notice of the type of recording to be used at a deposition requires "prior notice" but does not require the reissuance of formal notice where a party desires to change or add another method of recording. In addition, the Court is satisfied that the initial notice of deposition and the revised notice of deposition complied with the requirements of Rule 30(b)(6) and described with reasonable particularity the matters for examination and gave Defendant sufficient notice thereof. The Court further concludes that both parties contributed to the delay, confusion, and contentiousness surrounding the arrangements to depose Defendant's corporate representatives and will therefore deny Plaintiff's request for attorney's fees and costs. The parties are cautioned, however, that they are expected to deal with one another in a professional manner.

---

[1] Federal Rule of Civil Procedure 30(3)(A) & (B) provides as follows:

(3) Method of Recording.
(A) Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
(B) Additional Method. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (Doc. No. 56) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Defendant shall, not later than seven (7) days from the date of this Order, make its corporate representative(s) available for a video-taped deposition at a date, time and location designated by Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs in connection with this motion is **DENIED**.

                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2012.