UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAMES G. SEUBERT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11CV01651 AGF |
| FFE TRANSPORTATION SERVICES, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This personal injury action arises out of an automobile accident. Plaintiff James G. Seubert ("Seubert") alleges that his car was struck from behind by a truck driven by Defendant William James Beatty ("Beatty"), an employee of Defendant FFE Transportation Services, Inc., ("collectively Defendants"). Now before the Court is Defendants' motion to strike, pursuant to Federal Rule of Civil Procedure 12(f), a Notice of Lien (Doc. No. 43) filed by non-party, Brewery Development Associates, LLC ("Brewery"). For the reasons set forth below, Defendants' motion to strike Brewery's Notice of Lien will be granted.

**Background**

Brewery seeks to assert a lien arising from rents owed it by Pride Cleaning and Restoration, Inc. ("Pride.") Plaintiff is the owner and president of Pride, but neither Brewery nor Pride is a party to this action. In support of the Notice of Lien, Brewery offers a Forbearance and Lien Agreement ("the Agreement") between Brewery, Pride,

1

and Plaintiff, executed after the filing of this suit. *See* Doc. No. 43-1. Under the Agreement Brewery agrees to forbear its collection of past due rents from Pride in exchange for a lien against any amounts Plaintiff may recover in this lawsuit. *Id*.

Defendants seek to strike the Notice of Lien pursuant to Rule 12(f) on the grounds that Brewery is not a party to this action, and the lien bears no relation to the subject matter of this suit. Brewery opposes the motion, asserting that Defendants, as the movants under Rule 12(f), bear, but have not satisfied, their burden of demonstrating that the Notice of Lien should be stricken as unrelated to the action. Brewery further contends that the Notice of Lien should not be stricken because the Court has authority under Fed. R. Civ. P. 71 to grant relief to a nonparty. Finally, conceding that the lien is not perfected and the amount uncertain, Brewery nonetheless asserts that the Notice of Lien should stand because Brewery does not presently seek affirmative relief under the lien and Defendants cannot show that they have been or will be prejudiced by its filing.

**Applicable Law**

Pursuant to Rule 12(f) a court may strike[1] from "any pleading any insufficient

---

[1] Defendants address the issue before the Court in the context of a motion to strike. The Court notes, however, that other courts have analyzed similar situations under Fed. R. Civ. P. 24, asking whether a non-party should be permitted to intervene in order to assert a lien. *See, e.g., Travelers Cas. and Sur. Co. of America v. Southwest Contracting*, No. 4:05CV99-DJS, 2007 WL 1485983, at*1 (E.D. Mo. May 18, 2007) (considering the propriety of attorney's lien under Rule 24). For this reason, the Court also has considered whether Brewery should be permitted to intervene in this action.

An entity may intervene as a matter of right under Fed. R. Civ. P. 24 (a)(2) if a timely motion to intervene demonstrates an interest in the subject matter of the litigation; potential impairment of that interest by the disposition of the action; and lack of adequate representation of the intervenor's interest by the existing parties to the action. *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007). An

defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, Rule 12(f) allows a court to correct the pleadings when a defect "may affect the merits of the litigation or prejudice one of the parties." 5C Wright &Miller, Federal Practice & Procedure § 1382 (3d ed. 2009). "A Rule 12(f) movant bears the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kramer & Frank, P.C. v. Wibbenmeyer*, No. 4:05CV2395 EWS, 2006 WL 3079097, at* 2 (E.D. Mo. Oct. 27, 2006) (internal quotation omitted). Although striking a pleading is a "disfavored" measure, *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), courts are afforded broad discretion in ruling on motions to strike. *Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op.*, 278 F.3d 742, 748 (8th Cir. 2001).

---

interest is cognizable for purposes of intervention under Rule 24 only where it is "direct, substantial, and legally protectable." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995). "An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention." *Medical Liability Mut. Ins. Co.*, 485 F.3d at 1008. Nor is an interest "'contingent upon the occurrence of a sequence of events'" sufficient to satisfy Rule 24(a)(2). *Id.* (quoting *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998)).

That Plaintiff may prevail or otherwise recover monies in this action, is not sufficient to create a nexus between this personal injury action and any debt Plaintiff may owe to Brewery. Any such nexus arises only with respect to a contingent recovery under this suit and from the contractual lien set forth in the Agreement. Such conditional and economic, rather than substantive, concerns are insufficient to constitute an interest in the subject matter of the litigation for purposes of intervention. *See Medical Liability Mut. Ins. Co.*, 485 F.3d at 1008. And there is no indication in the record that Brewery's intervention here is necessary to avoid impairment of, or to secure adequate representation of, its purported interests. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996).

A motion to strike "should be granted if it may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action." *U.S. v. Dico, Inc.*, 189 F.R.D. 536, 541 (S.D. Iowa 1999) (internal quotation omitted).

**Discussion**

Applying these principles to Brewery's Notice of Lien, the Court is persuaded that it should be stricken under Rule 12(f). As noted, the lien relates to matters wholly separate and apart from Plaintiff's claims in this suit. The unpaid rents referenced in the Agreement have no relation to the issues before the Court in this personal injury action.[2] As such, the Notice of Lien is "irrelevant" and "immaterial" within the meaning of Rule 12(f). In addition, striking the Notice of Lien serves the purposes of Rule 12(f) because the introduction in this suit of issues related to the Notice of Lien are more likely to further complicate than to "streamlin[e] the ultimate resolution" of the issues in the suit. *Dico, Inc.*, 189 F.R.D. at 541 (internal quotation omitted).

Furthermore, although a movant under Rule 12(f) bears the burden of showing irrelevance or lack of pertinence, a non-party seeking to file a notice of lien or to intervene must offer some authority for doing so. This Brewery has not done, and its reliance on Rule 71 is misplaced. Rule 71 provides that where an order "grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same

---

[2] The Court notes that the lien provides no separate basis for the Court's exercise of jurisdiction as the parties to the Agreement are not diverse and the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332

as for a party." Fed. R. Civ. P. Rule 71. The fact that "[a] court may make an order in favor of one not a party," does not require that a court do so. 12 C. Wright, A. Miller, M. Kane, & R. Marcus, Federal Practice & Procedure § 13032 (2d ed.).

If Plaintiff should obtain a recovery in this action, Brewery may, at that time, assert its rights under the Agreement and in the appropriate forum.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to strike Notice of Lien (Doc. No. 44) is **GRANTED**.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2012.