UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES G. SEUBERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11CV01651 AGF ) |
| FFE TRANSPORTATION SERVICES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This is a personal injury action arising out of a motor vehicle accident. Plaintiff James G. Seubert alleges that his car was struck from behind by a truck driven by Defendant William James Beatty, an employee of Defendant FFE Transportation Services, Inc., ("collectively Defendants"). Plaintiff seeks damages for personal injuries and lost wages and profits. Now before the Court is Defendants' motion for partial summary judgment. (Doc. No. 52.) For the reasons set forth below, Defendants' motion for summary judgment will be denied.

## BACKGROUND

The pleadings, discovery responses, and statements of uncontroverted material facts on file indicate the following.

Plaintiff is the owner and sole proprietor of Pride Cleaning and Restoration ("Pride"). Pride provides cleaning, restoration and repair services following disasters such as a fire or flood. In this action Plaintiff seeks recovery for physical injuries

sustained as a result of the accident and for lost profits and diminution in the value of his business resulting. Doc. No. 8, at ¶ 10(b).

In his Rule 26 Disclosures, Plaintiff stated that he was claiming damages for lost business income and diminished value, and asserted his injuries as the cause for those claims. Plaintiff identified himself as a person with knowledge of such damages, and stated that expert testimony might be necessary to prove such damages. Doc. No. 63-3, at 3-4. With respect to the Rule 26 requirement that he provide a basis for the computation of his damages, Plaintiff estimated the amount of work time he was forced to miss due to his physical injuries; the decline in his business revenues after his injury; his expectation that his business would have continued to grow but for the interruption caused by his injuries; and his opinion that the decline in revenue diminished the value of his business. Doc. No. 63-3, at 3-4.

Subsequently, Plaintiff produced tax returns, business records, professionally prepared business valuations, and an estimate of his lost earning potential in support of the claim for lost profits. Doc. Nos. 63-5, 63-10, 63-12. Plaintiff retained experts to perform valuations of his business and estimates of his future earning capacity but has not designated an expert witness to testify at trial. Doc. No. 63-12, at 1-5.

The record before the Court includes evidence of the following: Pride was profitable in the year prior to the collision, but its revenues decreased by approximately $700,000 in the year after the accident. Plaintiff placed the value of the business prior to the collision at $750,000 and that amount was corroborated by a professional business valuation he obtained. Doc. No. 63-7, at 97:8-15; 100:18-22; 115:6-118:6; 115:1-5,

118:12-19. A business valuation performed by plaintiff's expert estimated the value of the business following the collision to be $461,065.00. Doc. No. 63-10, at inside cover. The tax returns and expense records Plaintiff produced are consistent with these valuations. Further, there is evidence that as a result of his injuries, Plaintiff worked forty percent less than he had prior to the accident. Doc. No. 63-7, at 10:6-9; 16:8-10; 100:23–103:6; 84:1-25; 25:5-8. The record also indicates that Plaintiff, as the owner and CEO of Pride, was solely responsible for the generation of new business and that his reduced capacity to work may have been a cause of Pride's declining revenues. Doc. No. 63-8, at 13:15-18. The record also indicates that Pride's revenues have varied significantly from year to year. Doc. No. 63-9, at 19:25-20:3.

Defendants' expert, relying on the documents and expert reports Plaintiff produced, testified at deposition that there was a $134,000.00 decrease in Plaintiff's taxable income between 2008 and 2009. Doc. No. 63-15, at 72:14-25. The expert further testified that the gross profits of the business decreased thirty to forty percent from 2006 to 2010, or from two years preceding the collision through the two years following the collision. *Id.*, at 63:19-64:6. Although Defendants' expert noted a decline in the profitability of the business, she opined that the decline was not attributable to the injuries Plaintiff sustained in the collision. *Id.* at 52:4-7, 90:8-19, and Doc. No. 63-14, at 10.

### The Parties' Arguments

Defendants first assert that the evidence Plaintiff has adduced with respect to lost profits should not be permitted at trial because Plaintiff has failed to provide Defendants

with any computation of those damages, and failed to designate an expert to opine on his behalf with regard to those damages. Doc. No. 53, at 3-4. Defendants further assert that in the absence of such evidence, they are entitled to partial summary judgment with respect to Plaintiff's claims for lost profits, because Plaintiff has failed to provide a reasonable and sufficient factual basis for this alleged loss.

In response, Plaintiff asserts that he is not required to offer expert testimony with respect to lost profits and that the evidence on the record is legally sufficient to make a submissible case for loss of business income and to create a genuine issue of material fact with respect to such loss. In addition, Plaintiff contends that the ultimate determinations as to the cause and amount of the alleged loss are questions of fact reserved for resolution by the jury.

### **Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012) (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (internal quotation marks and citation omitted). The moving party must establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). At the summary judgment stage, the Court may not weigh evidence or decide the truth of the matter, but need only determine if there is a genuine issue of material fact. *Id.* at 249.

**Recovery of Lost Profits**

Under Missouri law, "[t]he general rule as to the recovery of anticipated profits of a commercial business is that they are too remote, speculative, and too dependent upon changing circumstances to warrant a judgment for their recovery." *Coonis v. Rogers*, 429 S.W.2d 709, 714 (Mo. 1968); *see also Rebstock v. Evans Prod. Eng'g Co.*, No. 4:08CV01348 ERW, 2009 WL 4573981, at *3 (E.D. Mo. Dec. 3, 2009). "Recovery of lost profits is prohibited when there is uncertainty or speculation as to whether the loss of profits was the result of the wrong, and whether any such profits would have derived at all." *Midwest Coal, LLC ex rel. Stanton v. Cabanas*, 378 S.W.3d 367, 374 (Mo. Ct. App. 2012) (citation omitted).

Although a stricter level of proof is required for lost profits than for lost wages, "[a]bsolute exactitude is not required." *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 401 F.3d 901, 914 (8th Cir. 2005) (citation omitted). But "[t]he plaintiff

5

must prove the reasonable certainty of future damages by a fair preponderance of the evidence." Such proof must be premised upon "actual facts, with present data for a rational estimate of their amount." *Coonis*, 429 S.W.2d at 714; *see also Process Controls Int'l., Inc. v. Emerson Process Mgmt*, No. 4:10CV645 CDP, 2012 WL 5199583, at *3 (E.D. Mo. Oct. 22, 2012) (holding that the plaintiff must produce evidence that "provides an adequate basis for estimating the lost profits with reasonable certainty") (quoting *Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc.,* 115 S.W.3d 50, 54–55 (Mo. 2005)). In addition, "[i]t is indispensable that this proof include the income and expenses of the business for a reasonable anterior period, with a consequent establish[ment] of the net profits during the previous period." *Thoroughbred Ford, Inc. v. Ford Motor Co.,* 908 S.W.2d 719, 735 (Mo. Ct. App. 1995) (internal quotation omitted).

## **DISCUSSION**

As a preliminary matter, Defendants argue that Plaintiff should not be permitted to introduce evidence of lost profits because he failed to amend his discovery responses to indicate that only Plaintiff, and not the experts who prepared the valuation and earnings reports, would testify as to his claim for lost profits. Similarly, Defendants argue that evidence of lost profits should not be permitted because Plaintiff failed to amend his discovery response to provide a precise method for computation of his claim for lost profits.

Upon review of the discovery responses, expert reports and deposition testimony on file, the Court concludes that Plaintiff should not be precluded from introducing

6

evidence of lost profits. Although far from perfect, Plaintiff's disclosures and discovery responses are sufficient to advise Defendants of the amount of losses claimed and the basis for those claimed losses.

Plaintiff initially indicated in his Rule 26 disclosures and discovery responses that he would testify and that an expert might testify as to the value of his business and lost profits. Thereafter, Plaintiff retained experts to prepare valuations and estimates of lost income and these reports were disclosed to Defendants and their expert. Although Plaintiff did not amend his Rule 26 disclosures to indicate that the experts who prepared the reports would not testify, there is no indication that Defendants have been prejudiced by this lack of disclosure.

Moreover, Plaintiff is not required to present evidence or computation of lost profits through expert testimony. "A business owner may be permitted to testify to the damage he perceives has been done to his business as the result of another's actions." *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.,* 528 F.3d 1001, 1016 (8th Cir. 2008); *see also BBSerCo, Inc. v. Metrix Co.,* 324 F.3d 955, 963 (8th Cir. 2003) (concluding that district court did not abuse its discretion by admitting damages testimony from business owner with thirteen years' experience in industry). Plaintiff's testimony will, however, be restricted to those matters of which he has personal knowledge such as his tax returns and business records. Having declined to designate the drafters of the business valuations as experts, Plaintiff cannot testify with respect to the reports prepared by his experts. Such reports constitute hearsay and expert testimony, and cannot serve as the basis for Plaintiff's own testimony.

Defendants have had the opportunity to fully examine Plaintiff's expert reports and other evidence of lost profits, and they will have the opportunity at trial to present their own evidence to refute Plaintiff's evidence and testimony. *See Spencer v. Stuart Hall Co.,* 173 F.3d 1124, 1128 (8th Cir. 1999) (noting that "[w]here conflicting evidence is presented at trial, it is the jury rather than this court which assesses the credibility of the witnesses and decides which version to believe").

The cases cited by Defendants in support of their position are distinguishable. This is not a case where a new damage theory was disclosed on the eve of trial as in *U.S. Salt v. Broken Arrow, Inc.*, No. 07-1988, 2008 WL 2277602 at *5 (D. Minn. May 30, 2008). Nor is this a case where the plaintiff failed to include a claim for lost wages or lost profits in his Rule 26 disclosures or to provide information necessary to calculate lost profits, as in *Rebstock*, 2009 WL 4573981, at *3. Unlike the plaintiff in *Midwest Coal, LLC ex rel. Stanton v. Cabanas,* Plaintiff has presented proof that Pride generated profits in the period prior to his injury and has offered evidence of his business income and expenses for that period. *See Midwest Coal*, 378 S.W.3d at 374.

Finally, the Court cannot agree with Defendants' contention that Plaintiff has not provided any factual evidence to support his assertion that his business has lost value or income because of his injuries. Upon review of the record the Court is satisfied that even in the absence of his expert reports, Plaintiff has set forth sufficient evidence to create a genuine issue of material fact with respect to the question of lost business income or profits. The record provides an adequate factual basis from which a jury could, with reasonable certainty, make a finding of such damages. Disregarding the reports of

Plaintiff's experts, there is reasonable and sufficient factual evidence in the form of tax returns, business records, and testimony indicating that the business previously had been profitable. In addition, the record evidences proof of income and expenses for the time periods before and after the collision to support Plaintiff's claim that Pride lost value and income as a result of his injuries. There is also evidence from which a jury could determine that Defendants' actions, and Plaintiff's ensuing injuries caused the loss of business income.

Although Plaintiff's evidence of lost profits is not extremely strong, Plaintiff has provided "an adequate basis for estimating the lost profits with reasonable certainty." *Process Controls Int'l., Inc.,* 2012 WL 5199583, at *3. Whether the evidence will ultimately prove sufficient to submit the issue to the jury, and if so, whether the jury will find such evidence sufficiently credible to justify a damage award of lost profits, are matters for trial. At this stage, the Court cannot say, as a matter of law, that Plaintiff cannot provide an adequate basis to establish lost profits with reasonable certainty.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment is **DENIED**. (Doc. No. 52.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2013.