UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES G. SEUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV-1651AGF |
| | ) | |
| FFE TRANSPORTATION | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff, James G. Seubert, moves pursuant to Federal Rule of Civil Procedure 37, for an order compelling Defendant FFE Transportation Services, Inc. ("FFE") to produce all documents in its possession related to the November 14, 2008 collision that is the subject of this suit. The motion is fully briefed and ripe for disposition. For the reasons set forth below, Plaintiff's motion to compel will be granted.

**BACKGROUND**

Plaintiff filed this suit in the Circuit Court of the City of St. Louis and issued interrogatories and a request for production on or about December of 2010, while this matter was pending in the Circuit Court. The request for production sought "all documents prepared by you in the regular course of business regarding the accident mentioned in Plaintiff's Petition." Doc. No. 68-1. After the case was removed to this Court, and almost two years after the filing of the suit, FFE responded to Plaintiff's

discovery requests and produced an "Accident Claim Jacket" and pictures of the semi-truck which collided with Plaintiff's mini-van.

Thereafter, on September 10, 2012, FFE responded to Plaintiff's Interrogatory No. 4 which sought photographs of the vehicles and the collision scene as well as the identity of persons having custody or control of these photographs. FFE did not identify any additional documents in its control, referencing instead documents that were previously produced in response to Plaintiff's requests for production. Doc. No. 69-4. In its answers to Plaintiff's interrogatories, FFE did not identify as witnesses, the Custer Insurance Adjusters (CIA) representatives who were on the scene within sixty (60) minutes of the collision and failed to identify any recorded statements which may have been taken by the CIA representatives. *Id.*

In a follow-up inquiry on September 21, 2012 Plaintiff stated, "[i]n the Accident Claim Jacket that was produced, two adjusters are listed. It is our understanding that those adjusters took pictures of the scene immediately after the collision. If so, those photographs are responsive to our requests. Please let me know if those pictures do exist and whether FFE will produce them, or the basis for any objection to their production." Doc. No. 69-5. In response, FFE's counsel stated, "[t]o my knowledge we have produced all photos we have regarding the scene, but I will look." *Id.*

On November 13, 2012, during the 30(b)(6) deposition of Defendant FFE, Plaintiff learned that FFE possessed, but had not produced certain documents prepared by Custer Insurance Adjusters (CIA) and related to the collision. On December 3, 2012, after the close of discovery, counsel for Plaintiff requested that FFE "produce all

2

documents in FFE's possession related to the collision which have not been produced in this litigation to date," including documents in FFE's possession that were created by CIA.  Doc. Nos. 67-3, 67-7.

**DISCUSSION**

Plaintiff asserts that FFE should be required to produce documents related to the report prepared by CIA, at the direction of FFE, and resulting from FFE's investigation of the collision prior to the filing of this suit.  Plaintiff contends that the documents prepared by CIA are in the exclusive possession of FFE and relate to the collision at issue in this litigation.  They point out that the documents and photos prepared by CIA have not been listed in FFE's privilege log.  In addition, they note that on multiple occasions Defendants have assured Plaintiff that all relevant documents and photos had been produced, despite Plaintiff's specific reference to photos and documents prepared by CIA at FFE's behest.   Doc. No. 67-7.

To the extent that Plaintiff is seeking discovery after the close of the discovery deadline, Plaintiff asserts that FFE, and not Plaintiff, was dilatory in responding to the initial discovery requests and uncooperative in making its representatives available for deposition, and that as a result the discovery deadline was effectively extended.  In support of this assertion they point out that FFE did not produce any documents in this case until one month prior to the discovery cut-off; did not identify the CIA documents in its possession in its interrogatory answers; did not produce or identify the CIA documents after Plaintiff's written request for pictures of the scene of the collision prior to the discovery cut-off; and delayed the depositions of its employees until after the discovery

3

cut-off. Plaintiff further asserts that he has made numerous attempts to ascertain whether all relevant documents, including the CIA documents had been produced. Doc. Nos. 67-7, 69-5, 69-6, 69-7, and 69-8.

FFE responds that Plaintiff's previous discovery requests did not "capture" these documents because the contested documents were not "prepared by [FFE] in the regular course of business"; and that Defendants do not intend to rely upon these documents to support their claims or defenses. Defendants further respond that the "Accident Claim Jacket" specifically refers to the adjuster identified by CIA as the person in possession of CIA's file and that Plaintiff's counsel knew about CIA's involvement in the case before filing suit because Plaintiff's counsel transmitted a lien to CIA at that time. Doc. Nos. 67-3, 67-7. Defendants contend that Plaintiff is, in essence, seeking an extension of the discovery deadline and that Plaintiff has failed to satisfy the requirement that good cause be shown for such an extension. Defendants assert that the requested extension is necessitated only by Plaintiff's lack of diligence and should not be permitted.

Upon review of these arguments and the record before it, the Court is satisfied that the documents Plaintiff seeks are discoverable. The record establishes that Plaintiff has made good faith efforts in accordance with Rule 37 and the requirements of Local Rule 37-3.04 to confer with FFE and to obtain the documents without this Court's intervention. See Doc. No. 67-7.

In addition, to the extent that an order requiring production of the documents may be construed as an extension of the discovery deadline, the Court is satisfied that Plaintiff was diligent in seeking these documents as soon as Plaintiff learned of their existence.

The mere fact that Plaintiff may have been aware of the existence of CIA does not alter this conclusion. The record reveals that CIA directed Plaintiff to seek the documents related to Plaintiff's claim from FFE and not from CIA. Doc. No. 67-6. Similarly, the fact that the initial document request may not have covered an accident report or photographs prepared by an outside entity such as CIA does not preclude the granting of Plaintiff's motion, because as noted, Defendants repeatedly and incorrectly stated, in response to specific requests for photos taken by CIA, that they had no other photos or documents to produce. *Id.*

For these reasons, Plaintiff's motion to compel will be granted. Inasmuch as Defendants could reasonably determine Plaintiff's original document request did not cover this report and photographs, the Court shall deny Plaintiff's request for attorney's fees and costs associated with this motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (Doc. No. 67) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before February 4, 2013, Defendant FFE shall produce all non-privileged documents and photographs prepared by CIA at FFE's direction and as claims adjuster with respect to the accident that is the subject of this lawsuit.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2013.