UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES G. SEUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV01651 AGF |
| | ) | |
| FFE TRANSPORTATION | ) | |
| SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion of Defendants William James Beaty, and FFE Transportation Services, Inc., for reconsideration of this Court's January 29, 2013 Order (Doc. No. 73) denying Defendants' motion for partial summary judgment with respect to Plaintiff James G. Seubert's claim for lost profits and lost business income. For the reasons set forth below, Defendants' motion will be denied. (Doc. No.74.)

Federal Rule of Civil Procedure 54(b) sets forth the standard applicable to this motion and provides that an interlocutory order "may be revised at any time before the entry of judgment adjudicating all claims and all the parties' rights and responsibilities." Under Rule 54(b), "a district court may, in its discretion, reconsider an interlocutory order to correct any clearly or manifestly erroneous findings of fact or conclusions of law." *Munroe v. Cont'l W. Ins. Co*., No. 4:10CV1942 CDP, 2012 WL 4358642, at *2 (E.D. Mo. Sept. 24, 2012) (citation omitted).

In support of their motion for reconsideration, Defendants contend that the Court, in its previous Order, mischaracterized the inadequacy of Plaintiff's discovery responses and

therefore incorrectly determined that there was sufficient evidence on the record before it to permit Plaintiff's claim for lost profits business income to go forward.

Contrary to Defendants' assertion, the Court agrees that Plaintiff's discovery responses with respect to calculation of lost profits and expert testimony are inadequate. In his initial disclosures Plaintiff failed to provide a method or formula for calculation of lost profits and failed to supplement his disclosures and discovery responses to redress this failing. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring as part of the initial disclosures "a computation of each category of damages claimed by the disclosing party"); Fed. R. Civ. P. 26(e)(1)(A) (requiring party to supplement his disclosures "in a timely manner"). In addition, Plaintiff stated that expert opinion testimony would be necessary to establish lost profits or business income but failed to identify an expert to offer such an opinion.

Pursuant to Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "Rule 37 does not provide for mandatory sanctions," inasmuch as a court may determine "that a party's failure to include [information] in the initial Rule 26(a)(1) disclosures was substantially justified or harmless." *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citing *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998). The offending party has the burden to demonstrate that the failure to disclose was substantially justified or harmless. *Fu v. Owens*, 622 F.3d 880, 883-84 (8th Cir. 2010).

The Court previously concluded and continues to hold that Plaintiff did not show that his failures to disclose were either substantially justified or harmless. The Court does not

agree, however, that this determination mandates the entry of summary judgment for Defendants on Plaintiff's claim for lost profits and business income. The authorities cited by Defendants in favor of such a ruling make a persuasive case for restricting Plaintiff's presentation of evidence with respect to lost profits and business income, but not for the entry of summary judgment in favor of Defendants on that claim. *See, e.g., Metro. Exp. Servs., Inc. v. City of Kansas City, Mo.,* 71 F.3d 273, 274 (8th Cir. 1995) (refusing to award damages for lost profits following a two-day evidentiary hearing at which the evidence presented with respect to damages was deemed insufficient); *TCF Inventory Finance, Inc. v. Northshore Outdoor, Inc.*, No. 1:11 CV 85, 2012 WL 2576367, at *4-5 (N.D. Ohio Jul. 30, 2012) (restricting the presentation of damages evidence at trial where plaintiff failed to provide a computation of damages in discovery responses); *Curtis v. Daviess-Dekalb Regional Jail Dist.*, No. 08–6075–CV–SJ–GAF, 2009 WL 3382930, at *1-2 (W.D. Mo. Oct. 19, 2009) (denying a motion to strike the damages claim and requiring plaintiff to provide both a computation of those damages and the supporting documents); *White v. Pruiett*, 39 S.W.3d 857, 864 (Mo. Ct. App. W.D. 2001) (upholding circuit court's issuance of directed verdict in favor of defendant because plaintiff's testimony regarding lost profits was a "mere estimate or opinion of loss of profits, unsupported by factual evidence").

Unlike the authorities cited by Defendants in support of a grant of summary judgment, this is not a case where there is no competent evidence to support the claim of lost profits and income. *See Bessemer & Lake Erie R.R. Co. v. Seaway Marine Trans.*, 596 F.3d 357 (6th Cir. 2010) (holding that district court did not abuse its discretion in granting summary judgment on a lost profits claim *because it had no evidence of lost profits left to consider*) (emphasis supplied); *Rich v. Eastman Kodak Co.*, 583 F.2d 435, 436-37 (8th Cir.

1978) (upholding grant of summary judgment with respect to claim for lost profits because evidence established that the plaintiff *corporation was not making a profit before problems developed* with the equipment supplied by the defendant) (emphasis supplied). That evidence may be slim and ultimately determined to lack a sufficient foundation but in order to grant summary judgment for Defendants at this juncture the Court would be required to invade the province of the jury and weigh the parties' evidence. That is not the Court's proper function on a motion for summary judgment. *Nunn v. Noodles & Co.*, 674 F.3d 910, 914 (8th Cir. 2012) (stating that "[a]t summary judgment, the court's function is not to weigh the evidence") (citation omitted).

Although some of Plaintiff's discovery responses are inadequate, he has offered evidence of lost profits by way of tax returns and a business valuation. Defendants' contentions that some of that evidence is speculative, lacks proper foundation, fails to exclude variable expenses, or is inadmissible under Federal Rule of Evidence 702 are more properly considered in the context of motions in limine or evidentiary rulings at trial.

In their motion for reconsideration Defendants offer, in the alternative, that the Court consider their arguments regarding the inadequacy of the discovery responses and evidence proffered by Plaintiff as the basis for motions in limine to restrict the introduction of certain evidence related to lost profits and business income. The Court agrees that this is the proper mode for the consideration of these issues, but will withhold ruling on them until the parties have had an opportunity to brief these issues in that context. The Court shall also require Plaintiff to provide a clear calculation of his claimed damages, including the method of calculation, and identify any documents supporting that calculation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for reconsideration of this Court's January 29, 2013 Order denying summary judgment with respect to Plaintiff's claim for lost profits and business income is **DENIED**. (Doc. No. 74.)

**IT IS FURTHER ORDERED** that on or before **March 13, 2013**, Plaintiff shall file a supplement to his Rule 26 disclosures clearly stating the amount of lost profits claimed, the basis for the calculation, and identifying all documents supporting that calculation.

**IT IS FURTHER ORDERED** that on or before **March 13, 2013**, Plaintiff shall respond to Defendants' motions in limine as set forth in Document No. 74, and Defendants shall file their reply if any, not later than **March 18, 2013**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2013.