UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES G. SEUBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:11CV01651AGF |
| | ) |
| FFE TRANSPORTATION | ) |
| SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion in limine of Defendants William Beaty and FFE Transportation Services, Inc. (Doc. No. 74) to exclude certain evidence related to Plaintiff's allegations of lost profits and lost business value. For the reasons set forth below, the motion in limine will be granted in part and denied in part.

**Background**

Plaintiff brings this action to recover damages for physical injuries incurred when his car was allegedly struck from behind by a truck driven by Defendant William Beaty, an employee and driver for Defendant FFE Transportation Services, Inc. Plaintiff also sought recovery for lost profits and loss of value to his business, Pride Cleaning and Restoration, Inc. ("Pride Cleaning"). Plaintiff initially submitted an expert report predicated upon the St. Louis Group Business Brokers September 16, 2010 Business Valuation ("Valuation Report"). Later, however, Plaintiff withdrew his designated expert, and stated he would not offer an expert witness with regard to lost profits and loss

1

of value to his business. Based in part in the withdrawal of the expert, Defendants filed a motion for summary judgment with respect to the claim for lost profits and business value. The Court denied the motion for summary judgment, but ruled that Plaintiff would not be able to offer testimony as to the Valuation Report, as it was hearsay.

Defendants thereafter filed a motion for reconsideration of the order denying summary judgment, or in the alternative, a motion in limine. (Doc. No. 74.) The Court denied the motion for reconsideration, but agreed to consider Defendant's motion in limine, and directed the parties to brief the alternative motion. The Court also ordered Plaintiff to supplement "his Rule 26 disclosures by clearly stating the amount of lost profits claimed, the basis for the calculation, and identifying all documents supporting that calculation" and set a deadline of March 13, 2013. (Doc. No. 94.)

On March 13, 2013, pursuant to this Court's Order, Plaintiff filed a Supplemental Rule 26 Disclosure on Damages, providing for the first time a calculation to support his claim for lost profits. (Doc. No. 95.) In the Supplemental Disclosure, Plaintiff asserts lost profits of $184, 942. The parties agree that the calculation is based, in part, on Pride Cleaning's 2011 corporate tax return, a document first produced on March 13, 2013.

In their motion in limine, Defendants have moved to exclude the following evidence:

¶ 1. Testimony about or reference to the Valuation Report;

¶ 2. Computations by Plaintiff to support his claim for lost business value or lost profits;

¶ 3.  Testimony by the Plaintiff as to specific figures relating to lost profits or otherwise concerning loss of profits as a result of the collision;

¶ 4.  Testimony or opinions by the Plaintiff as to any figure representing the value of his business after the collision.

¶ 5.  Testimony by Plaintiff as to any figure representing the loss of value to his business as a result of the collision.

**Lost Business Value and the Business Valuation Report**

In his response to Defendants' motion in limine, Plaintiff asserts that he will not submit into evidence any calculation of the value of Pride Cleaning before or after the collision.  Nonetheless, Plaintiff contends that he should be allowed to offer evidence of the valuations set forth in Valuation Report through cross-examination of Defendants' expert.  In reply, Defendants represent that they will not introduce the opinions of their expert, Lynn Mitchell, related to the value of Pride Cleaning and the veracity of the Valuation Report.  As she noted in her expert report, Mitchell reviewed the Valuation Report "to provide an opinion of the fair market value of Pride based on the financial operating information for the three fiscal years ended in December 31, 2009."  Doc. No. 97-1, at 7.  There is no indication that Ms. Mitchell relied on the Valuation Report to form her opinion as to whether Pride Cleaning lost profits as a result of Plaintiff's injuries.

Inasmuch as Plaintiff has essentially abandoned his claim for loss of value to his business and Mitchell relied upon the Valuation Report solely for the purpose of forming an opinion with regard to the fair market value of the business, the Court will grant

Defendants' motion to exclude all testimony, including cross examination, with respect to the Valuation Report.

As such, the Court shall grant Defendants' motion in limine with respect to paragraphs 4 and 5, and the calculation of lost business value referenced in paragraph 2, in light of Plaintiff's representation that he will not submit into evidence any calculation of the value of Pride Cleaning before or after the collision, and Plaintiff shall be precluded from offering evidence of loss of value at trial, either in his case in chief or through cross examination of Defendants' expert.

### **Lost Profits and the 2011 Tax Return**

Defendants contend that they have been severely prejudiced by the late disclosure of the 2011 corporate tax form and the computation of calculation of lost profits required under Federal Rule of Civil Procedure 26 and ask the Court to exclude all evidence of lost profits pursuant to Fed. R. Civ. Pro. 37(c) (1).

Plaintiff asserts that in making his lost profits computation, he generally relied upon Pride Cleaning's federal tax returns, including the recently disclosed 2011 corporate tax return.  Plaintiff contends, however, that the nondisclosure should be excused because the 2011 Pride Cleaning tax returns were not available by the August 31, 2012 deadline for discovery in this matter, or the deadlines for expert disclosures, but that he timely produced Pride Cleaning's 2011 business records, including profit and loss statements, the general ledger, payroll records, and the Form 941 Employer's Quarterly Federal Tax Returns, for the first three quarters of 2011.  *See* Doc. No. 63-14.  The parties agree, however, that the 2011 corporate tax return for Pride Cleaning was completed on September 15, 2012, but

that Plaintiff failed to produce it until March 13, 2012.  In addition, Plaintiff failed to provide a computation for lost profits until March 13, 2012, when he did so in response to this Court's Order.  Plaintiff nonetheless asserts that his failure to timely supplement his Rule 26 disclosures was harmless and that the Court should not exclude the 2011 tax return because it is the "best evidence available" of Pride Cleaning's lost profits for the year 2011.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless."  In determining whether a Rule 26 violation is "justified or harmless," the Court is directed to consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096 (8th Cir. 2012) (internal citations and quotations omitted).

Applying these principles, the Court finds that the 2011 tax return and the Rule 26 computation of profits were not produced in a timely manner, and that Plaintiff has offered no just cause for his failure to produce this evidence.  Plaintiff delayed his disclosure of this highly probative information for approximately six months after the required disclosure date, only revealing it 26 days prior to trial and after being compelled by the Court to do so.  The Court further agrees that Defendants would be prejudiced to the extent that they would have to "solicit and pay for an amended report from their expert based on documents and calculations Plaintiff has had in his possession but failed to

5

produce." The Court notes, however, that Plaintiff had presented, in a timely manner, evidence from his quarterly returns and other financial data. Further, although at the time the 2011 tax return was finally produced and the parties briefed the motion in limine, the trial was just weeks away, it has now been continued for other, unrelated reasons, until late June. As such, the prejudice to Defendants may be substantially cured by requiring Plaintiff to pay the costs related to the untimely disclosure.

Therefore, the Court will permit Plaintiff to testify as to the lost profit figure and to offer the 2011 tax return subject to the following conditions:

a. Plaintiff shall, no later than April 25, 2013, disclose all documents and evidence related to the 2011 tax returns and the lost profit figure.

b. Plaintiff shall immediately make himself available for further deposition regarding the tax return and lost profit figure, and Plaintiff shall pay the costs of the deposition and reimburse Defendants for Defendants' attorneys' fees incurred at the deposition itself.

c. Defendants shall be entitled to supplement their expert report, and Plaintiffs shall reimburse Defendants for the fees charged by the expert in supplementing the report.

If Plaintiff is unwilling to meet these conditions, including payment for Defendants' attorneys' fees incurred in taking any supplemental deposition and payment of the fees of Defendants' expert relating to supplementing the expert report, then the 2011 corporate tax return and Plaintiff's recently disclosed computation for such damages will be excluded at trial as evidence of lost profits. On this same basis, absent meeting the above conditions,

Plaintiff's motion to supplement his exhibit list to include the tax return also will be denied. Although there is no specific basis for a finding of bad faith or willfulness, Plaintiff offers no justification for his failure to promptly supplement his discovery disclosures once the 2011 tax return was complete.

As an additional sanction for non-disclosure of the 2011 tax return and the computation of damages required under Rule 26, Defendants also request that the Court exclude any and all figures or testimony by Plaintiff as to specific figures regarding lost profits. *See* ¶ 3, *supra*. They further request the exclusion of any evidence and testimony related to the contention that Pride Cleaning lost profits due to the accident and Plaintiff's injuries. *Id.* Because these broader requests will prevent the Plaintiff from offering any proof of lost profits, they are tantamount to a dismissal of Plaintiff's claim for such damages.

Rule 37 authorizes district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). Dismissal is "an extreme sanction," and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 1999). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Hunt*, 203 F.3d at 527 (citing to *Rodgers v. University of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

Applying this standard, the Court concludes that an order preventing Plaintiff from presenting any lost profit figures or proof of causation, essentially an order dismissing the claim for lost profits, is not warranted here.  Plaintiff delayed in producing the 2011 Pride Cleaning tax return and the required Rule 26 computation and has offered no justification for that delay, but he presented other evidence of lost profits, and has not willfully disobeyed an order of the Court compelling the disclosure of lost profits evidence.  Under these circumstances, the Court does not believe that excluding all testimony by Plaintiff and figures related to lost profits would be a sound exercise of its discretion and will deny the motion with respect to such evidence.  Plaintiff may testify, on the basis of his personal knowledge and any documentation timely produced to Defendants, with respect to lost profits and the issue of the causation of such alleged loss.  Plaintiff may not offer his most recent computation of lost profits or introduce or rely upon the 2011 tax return, unless he complies with the conditions set forth above regarding disclosure, deposition, and payment of attorney and expert fees.

**Plaintiff's Motion to Supplement Exhibit List**

In an apparent effort to avoid sanctions under Rule 37, Plaintiff moves to supplement his trial exhibit list to include the 2011 tax return.  Rather disingenuously, Plaintiff contends that Defendants cannot claim prejudice if the tax return is admitted as an exhibit because he has complied with the requirements of the Court's Case Management Order by identifying the tax form as an exhibit and delivering it to opposing counsel twenty days before trial.  This argument elevates form over substance and contravenes the spirit

8

of Rule 26.   For these reasons, absent compliance with the Court's above-noted conditions, Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion in limine is **GRANTED in part** and **DENIED in part**.   (Doc. No. 74.)

**IT IS FURTHER ORDERED** that Defendants' motion to exclude the evidence described in ¶¶ 1 & 2 is **GRANTED, except with respect to lost profits**.

**IT IS FURTHER ORDERED** that Defendants' motion to exclude the evidence described in ¶ 3 is **DENIED, subject to Plaintiff's prompt disclosure of evidence and agreement to pay for Defendants' attorneys' fees for attending the deposition and additional expert witness fees**.

**IT IS FURTHER ORDERED** that Defendants' motion to exclude the evidence described in ¶¶ 4 and 5 is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend his Marked Exhibit List to include the 2011 tax returns of Pride Cleaning & Restoration, Inc., is **GRANTED, to the extent Plaintiff complies with the conditions set forth in this Order, and is otherwise DENIED**.   (Doc. No. 98.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2013.