UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES G. SEUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11CV01651 AGF |
| | ) | |
| FTE TRANSPORTATION SERVICES, INC. , et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for leave to take a videotaped trial deposition of Dr. Richard Coy, Plaintiff's expert and treating chiropractor, because the witness will not be available to testify at trial, due to a previously scheduled vacation that conflicts with the recent re-setting of the trial date in this matter.

Defendants object to the videotaped trial deposition on the ground that Plaintiff deposed Dr. Coy for purposes of discovery, approximately one year ago, prior to the discovery cut-off in this case. In addition, Defendants assert that Dr. Coy's unavailability has not been established because he will be available to testify on the first day of the trial but not thereafter.

Upon consideration of Plaintiff's motion and Defendants' opposition thereto, the Court concludes that just as the discovery deposition of Dr. Coy would not preclude his testimony at trial, it does not stand as an impediment to the taking of a trial deposition due to his unavailability at the time of trial. In addition, the Court is satisfied that Plaintiff has sufficiently established Dr. Coy's unavailability. Although Dr. Coy is

available on the first day of trial, uncertainty about the time required for jury selection, other preliminary instructions and the time needed for Dr. Coy's testimony makes it impossible for the Court to say with any certainty that Dr. Coy would be reached to testify on the first day of trial. In addition, although there is a preference for live testimony in federal court, there is little danger here of prejudice to Defendants as a result of the use of a videotaped deposition at trial. Defendants will attend the videotaped trial deposition and be permitted to cross examine Dr. Coy. In addition, the videotaping of the deposition will not only allow the jury to hear the content of Dr. Coy's testimony, but also to observe the witness' demeanor.

For these reasons, the Court concludes that "exceptional circumstances make it desirable – in the interest of justice – and with due regard to the importance of live testimony in open court" that Dr. Coy's videotaped trial deposition be taken prior to trial and used in lieu of his live testimony. Fed. R. Civ. P. 32(a)(4)(E).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to take, prior to trial, a videotaped deposition of Dr. Richard Coy is **GRANTED**. (Doc. No. 113.)

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendants' costs attributable to the preparation of the expedited transcript.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2013.